# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN CHARLES GAUTHIER, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 05-334-RAW-KEW ) |
| HASKELL HIGGINS, Warden, | ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner is challenging the execution of his sentence in Creek County District Court Case No. CF-2002-356 for two counts of Uttering a Forged Instrument. He alleges he was sentenced to 16 years' imprisonment in Case No. CF-2002-356, with five years suspended. He contends that under the terms of his plea agreement, he was supposed to be given credit for the time he had served from the date of his arrest on August 28, 2002. He claims, however, he has been denied 290 days of credit toward his sentence.

The record shows that petitioner was received into DOC custody on August 8, 2003, with four Judgments and Sentences from Tulsa County:

(1) Case No. CF-01-3835, dated March 5, 2003, a revoked suspended sentence with a five-year term to run concurrently with CF-01-4242.

(2) Case No. CF-01-4242, dated April 14, 2003, a revoked suspended sentence with a two-year term to run concurrently with CF-01-3835, CF-02-6070, and CF-02-6474.

(3) Case No. 02-6070, dated April 14, 2003, an 11-year sentence to run concurrently with CF-01-3835 and CF-01-4242.

(4) Case No. 02-6474, dated April 14, 2003, an 11-year sentence to run concurrently with CF-01-3835, 01-4242, and 02-6070.

Each Tulsa County Judgment and Sentence states that petitioner would receive "credit for time previously served," but there is no reference to time served on any other cases. The jail time statements from the Tulsa County Sheriff's Office reflect that petitioner was detained in the jail for the Tulsa County cases as follows:

<u>Case No. CF-01-3835</u>, **334 days**:
| | |
|---|---|
| 07/02/2001 to 09/05/2001 | 66 days |
| 08/30/2002 to 10/17/2002 | 49 days |
| 12/29/2002 to 02/21/2003 | 55 days |
| 02/26/2003 to 08/08/2003 | 164 days |

<u>Case No. CF-2001-4242</u>, **279 days**:
| | |
|---|---|
| 07/02/2001 to 09/05/2001 | 66 days |
| 08/30/2002 to 10/17/2002 | 49 days |
| 02/26/2003 to 08/08/2003 | 164 days |

<u>Case No. CF-02-6070</u>, **219 days**:
| | |
|---|---|
| 12/29/2002 to 02/21/2003 | 55 days |
| 02/26/2003 to 08/08/2003 | 164 days |

<u>Case No. CF-02-6474</u>, **219 days**:
| | |
|---|---|
| 12/29/2002 to 02/21/2003 | 55 days |
| 02/26/2003 to 08/08/2003 | 164 days |

The record shows that petitioner was received into DOC custody on August 8, 2003, when he was delivered by the Tulsa County Sheriff's Office. Petitioner's DOC Consolidated Record Card indicates the Tulsa County Jail time was credited to each of petitioner's Tulsa County sentences.

After petitioner had been placed into DOC custody, the Judgment and Sentence from Creek County District Court Case No. CF-02-356, dated July 21, 2003, was received. The Creek County case showed that petitioner was sentenced to two concurrent 16-year

sentences, with 5 years suspended. The Judgment and Sentence stated the sentences were to run concurrently with the "Tulsa County case now being served and credit for time served since 8-28-2002."

The release sheets from the Creek County Sheriff's Office reflect that petitioner was detained in the county jail as follows:

<u>Case No. 02-356</u>, **108 days**:
| | |
|---|---|
| 10/17/2002 to 10/18/2002 | 1 day |
| 03/26/2003 to 04/10/2003 | 16 days |
| 05/07/2003 to 08/05/2003 | 91 days |

The Tulsa County Jail and Creek County Jail records indicate petitioner was incarcerated in both facilities simultaneously for 107 days from 03/26/2003 to 04/10/2003 and from 05/07/03 to 08/05/2003. The only day the records reflect that petitioner was not in the Tulsa County Jail at the same time he was in the Creek County Jail was on October 18, 2002. There is no record that he was incarcerated at either jail on August 28, 2002, the date referenced in the Creek County Judgment and Sentence. Therefore, petitioner was credited with 1 day of jail time for his Creek County sentence, and he was notified of the time calculation by memorandum.

On June 17, 2005, petitioner filed a grievance with the warden, claiming he was not being credited with all his jail time as set forth by his Judgment and Sentence. The warden denied relief, explaining that petitioner had received jail time credits in accordance with Okla. Stat. tit. 57, § 138. The DOC Director denied relief on appeal.

The respondent alleges the DOC relied on the official records of the Tulsa and Creek County Sheriffs' Offices. The overlapping 107 days, from 03/26/2003 to 04/10/2003, while petitioner was held awaiting trial and awaiting delivery to DOC after conviction, can be credited for only one county, not both. The respondent explains that petitioner probably was

3

taken by writ of habeas corpus from Tulsa County to Creek County, and then was returned to Tulsa County. The records, however, do not reflect petitioner's actual movement between the two facilities. If that is the case, the 107 days of jail time would have to be subtracted from the Tulsa County sentences and added to the Creek County sentence. Either way, his total length of incarceration would not be affected.

The respondent argues that no remedy is appropriate in this action, because petitioner is seeking relief that is not authorized by law. Under Okla. Stat. tit. 22, § 976, a court has the power to run sentences concurrently, and Okla. Stat. tit. 57, § 138(G) give the state district court authority to credit for the jail term served by an inmate before being transported to a DOC facility. There is no authority, however, to award time spent in one jail awaiting trial on charges in another county. Petitioner apparently wants days credited to both his Tulsa County and Creek County sentences, but he was not in both jails at the same time.

The respondent further asserts that petitioner is attempting to "bank time" by committing multiple crimes and then, while awaiting trial in one county, having the days from that detention count as the same detention period toward another crime committed in another county. The Oklahoma Court of Criminal Appeals has condemned such a policy in *Martin v. Page*, 484 P.2d 1319, 1321 (Okla. Crim. App. 1971).

After careful review, the Magistrate Judge finds that petitioner has failed to show "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Therefore, he is not entitled to habeas corpus relief.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being

served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 7th day of April 2008.

---

**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**